AO 91 (Rev. 11/11) Criminal Complaint (approved by AUSA F. Labor

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| United States of America<br>v.<br>WILLIAM MOORE<br><br>*Defendant(s)* | ) ) ) ) ) ) ) ) Case No. 17-1419-M |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 10, 2017__ in the county of __Philadelphia__ in the __Eastern__ District of __Pennsylvania__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Section 841(a)(1) & 841(b)(1)(C); Title 18, United States Code, Section 924(c). | Count One: Possession of a controlled substance with intent to distribute, namely, approximately 15 grams of a mixture and substance containing a detectable amount of methamphetamine.<br>Count Two: Possession of a firearm in furtherance of a drug trafficking crime. |

This criminal complaint is based on these facts:
See attached Affidavit of FBI Special Agent William Doherty

☑ Continued on the attached sheet.

_____
*Complainant's signature*

FBI Special Agent William Doherty
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/20/2017

_____
*Judge's signature*

City and state: Philadelphia, Pennsylvania

Magistrate Judge Richard A. Lloret
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## A CRIMINAL COMPLAINT

I, William Doherty, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and have been since April 2012. As part of my duties with the FBI, I investigate violations of federal criminal law over which the FBI has jurisdiction, including violent crimes, gangs, drug trafficking organizations and other violent criminal elements. Over the course of these investigations, I have conducted interviews of witnesses, victims and suspects, participated in physical and electronic surveillance, utilized pen registers and trap and trace devices, applied for and received numerous search and seizure warrants and arrest warrants. I have participated in searches authorized by consent, search warrants and other legal grounds, for residences, businesses, cellular telephones and vehicles for the purpose of obtaining evidence. While employed by the FBI, I have also participated in investigations classified under the Organized Crime Drug Enforcement Task Force ("OCDETF"), which is a national initiative focused on targeting drug trafficking organizations.

2. The facts in this affidavit come from my personal observations, my training and experience and information obtained from other agents and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested arrest warrant, but does not set forth all of my knowledge about this matter.

3. Based on the facts set forth below, your affiant submits there is probable cause to believe that WILLIAM MOORE has committed the following offenses:

    (a) possession of a controlled substance with intent to distribute, namely, approximately 15 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C);

    (b) possession of a firearm during the commission of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A);

## FACTS ESTABLISHING PROBABLE CAUSE

4. On March 10, 2017, Middletown Township Police Department Patrolman Thomas Leinheiser conducted a traffic stop of a Mitsubishi Lancer being operated by WILLIAM MOORE. MOORE was stopped on New Falls Road and Woodbourne Road in Middletown Township, Bucks County, Pennsylvania which is within the Eastern District of Pennsylvania (EDPA). While speaking with MOORE, Patrolman Leinheiser detected the scent of marijuana coming from the vehicle and observed a small glassine bag with white powdery substance on the floorboard. MOORE and his passenger, Gina Connelly, were removed from the vehicle and detained for investigation. MOORE then told Patrolman Leinheiser that the baggie with white powder was his. While conducting an officer safety search of MOORE, a back-up Middletown police officer removed a zip-lock baggie from MOORE's front pants pocket that contained an unknown crystalized powder.

5. Police officers conducted a motor vehicle search of MOORE's vehicle. Police officers located and recovered a firearm next to the driver's seat in the center console. The recovered firearm was a AMT Kurz .380 silver handgun with black pistol grip, serial number

A39467, and a loaded magazine with one round in the chamber. Also recovered from inside the center console were five (5) sealed glassine baggies with the stamp "Red Lobster."

6. Investigators also recovered an H&R Inc. Model 939 .22 caliber handgun located between the driver's seat and the driver's door. In close proximity to the handgun, police officers observed three (3) glassine baggies on the driver's seat. Beneath the driver's side floor mat, police officers recovered a rolled-up $20.00 bill in the shape of a straw with white powder on one end and a blue glassine bag over the other end.

7. From various locations in the vehicle, police officers recovered additional illegal narcotics and related paraphernalia including: a digital scale, sealed and unsealed glassine bags, 34 pills stamped "GC101," plastic containers, an ammunition belt with 30-30 Winchester ammunition, and 23 cartons of untaxed cigarettes. Subsequent laboratory analysis confirmed the seized bags contained detectable amounts of heroin, cocaine, methamphetamine and marijuana. One plastic bag contained 13.97 grams of methamphetamine. One plastic container contained 1.26 grams of methamphetamine. Your affiant knows that drug dealers typically use a digital scale in order to weigh out amounts for sale to buyers.

8. During a post-arrest interview, after being advised of and waiving his Miranda rights, MOORE admitted possessing the firearms which belonged to a roommate and ex-girlfriend. MOORE also stated that Connelly did not know drugs and guns were in the car.

9. The Middletown Township Police Department sent the seized drug evidence to the NMS Integrated Forensic Services Lab for additional analysis. The final drug chemistry report identified the following drug weights: 11.74 grams of marijuana; .08 grams of fentanyl; 2.33 grams of cocaine; 15.63 grams of methamphetamine and .34 grams of heroin. Your affiant

3

knows that 15.63 grams of crystal methamphetamine is consistent with distribution amounts of crystal methamphetamine.

10. Your affiant is aware that the seized AMT Kurz firearm is manufactured by AMT which is a subsidiary of High Standards, Inc. High Standards Inc. is headquartered in Houston, Texas. The AMT Kurz was not manufactured in Pennsylvania, but rather in California and Connecticut. Your affiant knows that H&R firearms are not manufactured in Pennsylvania, but rather are manufactured in Massachusetts and New York. Based on this information, your affiant believes the two firearms seized from MOORE in Pennsylvania on March 10, 2017 have traveled in interstate commerce.

## CONCLUSION

11. Based on the foregoing facts, there is probable cause to believe that on March 10, 2017, in the Eastern District of Pennsylvania, WILLIAM MOORE: (a) possessed with intent to distribute a controlled substance, that is, approximately 15 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); and (b) unlawfully possessed a firearm during the commission of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).

Respectfully submitted,

_____
WILLIAM DOHERTY
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me
on October 20th, 2017

_____
RICHARD A. LLORET, M.J.
United States Magistrate Judge

4